UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LUIS F. HERNANDEZ,

   Plaintiff,

v.   Case No:   6:14-cv-1487-Orl-22TBS

AT&T SERVICES, INC.,

   Defendant.

## REPORT AND RECOMMENDATIONS

Pending before the Court are Defendant's Motion to Dismiss (Doc. 16) and Plaintiff's Motion for Summary Judgment (Doc. 18). After due consideration, I respectfully recommend that Plaintiff's motion be **denied** and that Defendant's motion be **granted** to the extent it seeks to quash service of process, and **denied** to the extent that it seeks dismissal of the case.

### I. Background

On September 11, 2014, Plaintiff Luis F. Hernandez filed a complaint alleging that his former employer, Defendant AT&T Services, Inc.,[1] violated Title VII of the Civil Rights Act of 1964 by discriminating against him based on sex and retaliating against him for complaining about sex discrimination and sexual harassment (Doc. 1). Plaintiff also filed a motion for leave to proceed *in forma pauperis*, which the Court granted on September 15 (Docs. 2, 3). The following day, the Court directed the Clerk to send Plaintiff a blank

---

[1] Although Plaintiff initially named "AT&T" as the Defendant, Defendant refers to itself as "AT&T Services, Inc." its motion to dismiss. It is recommended that the Court amend the caption to reflect Defendant's proper name.

USM-285 form and directed him to complete the form and return it to the Clerk by October 7, so that the United States Marshal could serve process on Defendant (Doc. 5).

Plaintiff did not return the USM-285 form to the Clerk. Instead, on December 19, he filed a motion asking the Court to enter a final default judgment in his favor on the ground that Defendant had not answered or otherwise responded to his complaint within the time required by FED. R. CIV. P. 12 (Doc. 8). On January 5, the Court denied Plaintiff's motion without prejudice and once again directed him to complete the USM-285 form and return it to the Clerk by January 26, 2015 (Doc. 9). Noting that the 120-day deadline for service of process imposed by FED. R. CIV. P. 4(m) was fast approaching, the Court extended the deadline to February 17, conditioned on Plaintiff's compliance with the Court's order (Id.). This time, Plaintiff completed the USM-285 form, which directed the Marshal to serve Defendant at 6021 South Rio Grande Avenue in Orlando, Florida (Doc. 13).[2] On January 23, the Clerk issued the summons and delivered it, along with a copy of the complaint, and the USM-285 form to the Marshal (Doc. 10). The Marshal attempted service at the address Plaintiff gave, but was unsuccessful (Doc. 13). On or about March 9, the Clerk's office spoke with Plaintiff and provided him with another blank summons and USM-285 form. Plaintiff completed these forms and returned them to the Clerk's office, and on March 20, the summons was reissued and provided to the Marshal along with the second completed USM-285 form and a copy of the complaint (Doc. 14).

---

[2] In the box entitled, "Send notice of service copy to requester at name and address below," Plaintiff entered:

> AT & T
> HUMAN RESOURCES (Legal); AT & T
> 11760 US Highway 1 North Palmbeach FL 33408

(Doc. 13). This box was supposed to contain Plaintiff's address, not Defendant's.

The completed USM-285 form once again directed the Marshal to serve Defendant at the Orlando address (Doc. 15).[3]   On April 17, the Marshal returned the USM-285 form indicating that service was made on Frances Reed, a security officer at AT&T, on April 8 (Doc. 15).

On April 29, Defendant filed the pending motion to dismiss (Doc. 16).   Attached as an exhibit to the motion is a declaration completed by Marie C. Simoneau, property manager for Defendant, which states that Reed is a security guard who works for the company that owns the building in Orlando (Doc. 16-1).   Reed contacted Simoneau after receiving the service papers from the Marshal (Id.).   Simoneau instructed Reed to send the papers to her, and Reed did so (Id.).   The papers Reed sent to Simoneau did not include a copy of the complaint (Id.).

In its motion, Defendant asks the Court to dismiss the complaint "pursuant to Rules 4(m) and 12(b)(5) of the Federal Rules of Civil Procedure."   (Id. at 1).   Defendant argues that service of the complaint on Reed, a security guard not employed by Defendant, was ineffective under Rule 4 and state law regarding service of process (Id. at 3-4).   Defendant also notes that the service did not include a copy of the complaint, as required by Rule 4 (Id. at 3).[4]   Finally, Defendant argues that the case should be dismissed because Plaintiff has failed to properly serve it within the time required by Rule 4(m), as extended by the Court's previous Order (Id. at 4).

---

[3] In the box for the requester's address, Plaintiff once again listed Defendant's North Palm Beach address.   In the box entitled, "Special instructions or other information that will assist in expediting service," Plaintiff listed several other addresses for Defendant located in Atlanta, Georgia and Ashland, Kentucky (Doc. 15).

[4] Defendant does not invoke Rule 12(b)(4), which concerns dismissal for improper process. Defendant also provides no evidence to controvert the Marshal's return of service, which is evidence that the summons and complaint were served on Reed.   For the purposes of this Report and Recommendation, I assume the Marshal delivered the complaint and summons to Reed.

On May 22, Plaintiff filed a paper entitled "Plaintiff's Motion for Summary Judgment and Supporting Memorandum of Law and Fact," which, despite its title, is really a response in opposition to Defendant's motion (Doc. 18).   Plaintiff argues that service on Reed was effective pursuant to Fla. Stat. § 48.081(5).   He contends that Reed has worked "at that AT&T place" for over ten years, and that this makes her an "agent" for Defendant for purposes of § 48.081(5) (Id. at 3-4).   Plaintiff also argues that "Rule 4(m) ... just simply does not apply to the case" because "[t]he Court, not the Plaintiff serves Defendant."   (Id. at 5).   Defendant then filed a "Response in Opposition to Plaintiff's Motion to Summary Judgment," which argues that, to the extent the Court construes Plaintiff's filing as a motion for summary judgment, it should be denied (Doc. 21).

## II. Discussion

A. Plaintiff has not properly served Defendant

Service of process is governed by FED. R. CIV. P. 4.   Service of process is accomplished by providing the Defendant with the summons and a copy of the complaint in one of the ways authorized by Rule 4(e)-(j).   See FED. R. CIV. P. 4(c)(1).   When a party is granted leave to proceed *in forma pauperis*, the Court must direct service of process "by a United States marshal or deputy marshal or by a person specially appointed by the Court."   FED. R. CIV. P. 4(c)(3).

Rule 4(h) governs service of process on corporations.   Service may be made on a corporation within "a judicial district of the United States" either "(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and–if the agent is one authorized by statute and the statute so requires–by also mailing a copy of each to

the defendant." FED. R. CIV. P. 4(h)(1).  Rule 4(e)(1) also provides that service can be effected by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made"–in this case, Florida.

Under Florida law, § 48.081 outlines three ways in which a corporation may be served with process.  Subsection (1) permits service on "any private corporation, domestic or foreign," and sets out a hierarchy of corporate officers and agents on whom service may be made.  At the top of the hierarchy is any "president or vice president, or other head of the corporation. FLA. STAT. § 48.081(1)(a).  Next comes any "cashier, treasurer, secretary, or general manager"; then any director; and finally "any officer or business agent residing in [Florida]." Id. § 48.081(1)(b)-(d).  Service on individuals at a lower level of the hierarchy is permissible only when those at all higher levels are "absen[t]" from the state.  Subsection (2) permits service on foreign corporations by serving "any agent transacting business in this state," but only when service under subsection (1) is not possible.  Subsection (3) provides for service of process on a corporation's registered agent.[5]

Delivery of the summons and complaint to Reed did not comply with or satisfy any of these options.  Reed was not "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process" for Defendant.

---

[5] Service on the registered agent is often the most reliable way to serve a corporate Defendant. The registered agent for any corporation licensed to do business in Florida is a matter of public record, and can be found by searching for the corporation's name on the Florida Secretary of State's website at http://search.sunbiz.org/Inquiry/CorporationSearch/ByName.  As of June 16, 2015, Defendant's registered agent in Florida is:

> C T CORPORATION SYSTEM
> 1200 SOUTH PINE ISLAND ROAD
> PLANTATION, FL 33324.

FED. R. CIV. P. 4(h)(1). She is not a "president," "vice president," or "other head" of Defendant, and Plaintiff has not shown that Defendant's top executives are absent from the state. FLA. STAT. § 48.01(1), (2). Nor is Reed Defendant's registered agent. FLA. STAT. § 48.01(3).

Plaintiff argues that service of process on Reed was effective under subsection (5) of § 48.081 which states:

> When a corporation engages in substantial and not isolated activities within this state, or has a business office within the state and is actually engaged in the transaction of business therefrom, service upon any officer or business agent while on corporate business within this state may personally be made, <u>pursuant to this section</u>, and it is not necessary in such case that the action, suit, or proceeding against the corporation shall have arisen out of any transaction or operation connected with or incidental to the business being transacted within the state.

(emphasis added). Plaintiff appears to read subsection (5) as providing a fourth way in which a corporation may be served under Florida law that can be used if the corporate defendant engages in substantial business activities or has an office in Florida. While his reading of the statute is understandable, it is incorrect. Subsection (5) simply makes clear that service of process "pursuant to this section" may be had on a corporation with a sufficient presence in Florida by serving an "officer or business agent" who is "on corporate business" and that it does not matter whether or not the suit arises from the corporation's activities in Florida. The requirement that service be "pursuant to this section" indicates that the hierarchy of subsection (1) still applies, and that subsection (5) does not make every officer or business agent of a corporation with an office or substantial business in Florida into the corporation's agent for service of process.

Even if Plaintiff was correct that a service on any "officer of business agent" of Defendant is sufficient, he has failed to show that Reed was Defendant's "officer or business agent" within the meaning of § 48.081(5).   The Florida Supreme Court has explained that "[a] business agent as contemplated by the law means more than one appointed for a limited or particular purpose.   It has reference to one having general authority to act for the corporation within the state.   It[s] duties must be closely related to the duties of the officers of the corporation.   He must be authorized to manage the business of the corporation or some branch of it within the state and stand in the shoes of the foreign corporation."   Valdosta Milling Co. v. Garretson, 54 So.2d 196, 197 (Fla. 1951).   Plaintiff has offered no evidence that Reed, a security guard, has "general authority to act for [Defendant] within" Florida, and there is no reason to believe that she does.   Accordingly, service of the summons and complaint on Reed was not effective as service on Defendant and I respectfully recommend that Defendant's motion to quash be granted.

B. Dismissal is not warranted at this time

Citing FED. R. CIV. P. 12(b)(5), Defendant asks the Court to dismiss the case based on improper service of process.   Defendant also asks the Court to dismiss the case under Rule 4(m), because Plaintiff has failed to serve process within the 120-day deadline or the extension authorized by the Court.

When a court finds that a plaintiff has failed to properly serve a defendant, it can either dismiss the action or quash the service and order the plaintiff to make proper service.   5B Wright & Miller, Federal Practice & Procedure § 1354 (3d Ed.).   Courts typically dismiss an action only when there is no "reasonable prospect that the plaintiff ultimately will be able to serve the defendant properly," or when the defendant makes

some showing of prejudice due to improper service.  Id.; see also Stagna v. McCormick Shipping Corp., 268 F.2d 544, 554 (5th Cir. 1959); Reinhold v. Tisdale, Civ. No. 8:06-3311-MBS-BHH, 2007 WL 2156661, at *3 (D.S.C. Apr. 30, 2007) ("Ordinarily, dismissal is proper when there is prejudice to the defendant or where proper service is unlikely to be accomplished.  When there is no prejudice and service can be accomplished, courts generally will quash the insufficient service and allow a plaintiff to perfect service." (Citations omitted)).  Defendant has not attempted to show prejudice in its motion. Moreover, Plaintiff is proceeding *pro se* and *in forma pauperis* and has made two good faith attempts to have process served on Defendant.  See Stewart v. Virginia Commonwealth Univ., No. 3:09CV738-HEH, 2011 WL 1827735, at *3 (E.D. Va. May 12, 2011) (refusing to dismiss based on failure to serve, where plaintiff was proceeding *pro se* and made good faith attempts to effect service of process, and defendant had actual notice of the suit).  Finally, dismissal now will likely result in Plaintiff's claims being time-barred.  This factor also weighs in favor of quashing service rather than dismissing the case.  Rader v. U.S.D. 259 Wichita Public Schools, Civ. No. 10-4118-KHV, 2011 WL 2144834, at *2 (D. Kan. May 31, 2011) ("An extension of the service period is particularly appropriate where the delay has not prejudiced defendant and the statute of limitations might bar any refiled action."); see also FED. R. CIV. P. 4(m) Advisory Committee Note (1993) (noting that relief from time limit for service "may be justified ... if the applicable statute of limitations would bar the refiled action").  For these reasons, I recommend that Plaintiff be given one final opportunity to properly serve Defendant.

    C. Defendant should be directed to notify the Court and Plaintiff whether it will waive service of process

    In view of the recommendations I have already made, there is a possibility that

Defendant will be willing to eliminate the need for service by the Marshal.  So, I recommend that Defendant be given 7 days to notify Plaintiff and the Court whether it (1) waives service of process; (2) agrees to accept service of process by mail; or (3) insists on personal service by the Marshal.  See Williams v. Publix Warehouse, 151 F.R.D. 428, 433 (M.D. Fla. 1993).

### III. Recommendations

Now, I respectfully recommend that the Court:

(1) **grant** Defendant's motion to quash (Doc. 16), and quash the service of process on Defendant;

(2) **deny** Defendant's motion to dismiss the case (Id.);

(3) **direct** Defendant to state in writing, within 7 days, whether it waives service of process, agrees to accept service of process by mail, or insists on personal service by the Marshal;

(4) **deny** Plaintiff's motion for summary judgment (Doc. 18); and

(5) **amend** the caption of the case to reflect that Defendant's name is AT&T Services, Inc.

Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. Fla. R. 6.02, within fourteen (14) days after service of this report and recommendation.  Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on June 16, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

> Presiding United States District Judge
> Plaintiff, *pro se*
> Counsel of Record

- 10 -