UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LUIS F. HERNANDEZ,

    Plaintiff,

v.                                                                 Case No:   6:14-cv-1487-Orl-22TBS

AT&T SERVICES, INC.,

    Defendant.

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Motion for Leave to Appeal In Forma Pauperis (Doc 69).[1] Upon consideration, I respectfully recommend that the motion be **DENIED**.

### I. Background

Plaintiff Luis F. Hernandez, who is *pro se*, filed this action against Defendant AT&T Services, Inc. alleging sex, race, national origin, and age discrimination; a hostile work environment because of sexual and racial harassment; retaliation; and unspecified claims under the Florida Civil Rights Act (Doc. 1). He sought and received permission to prosecute this action in forma pauperis (Docs. 2, 3). The case proceeded and AT&T moved for summary judgment (Doc. 48). In a thorough and detailed opinion, the District Court granted AT&T's motion (Doc. 59), and the Clerk entered judgment accordingly (Doc. 60). Plaintiff filed a Notice of Appeal (Doc. 62). Subsequently, he filed the instant motion in the Eleventh Circuit Court of Appeals, which transferred it here for resolution.

---

[1] Although the document is untitled, the Court construes it as a motion to appeal in forma pauperis.

## II. Discussion

Title 28 of the United States Code, Section 1915 governs in forma pauperis motions filed in federal court. The statute provides in part that:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1).

It appears from Plaintiff's papers that he believes he "does not need a new request for leave to appeal in forma pauperis" because the District Court "already granted" his application at the start of the litigation (Doc. 69 at 1; Docs. 2 and 3). However, Rule 24 of the Federal Rules of Appellate Procedure states part:

> (3) Prior Approval. A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, **unless**:
>
> (A) the district court--before or after the notice of appeal is filed–certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding; or
>
> (B) a statute provides otherwise.

RULE 24, FED. R. APP. P. (emphasis added). A litigant's ability to file an appeal without paying court fees is limited by the statutory provision which provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. §1915(a)(3). "Good faith is demonstrated where an appeal seeks

appellate review of any issue not frivolous." Schmitt v. U.S. Office of Pers. Mgmt., No: 8;09-cv-943-T-27EAJ, 2009 WL 3417866 *2 (M.D. Fla. Oct. 19, 2009) (quoting Coppedge v. United States, 369 U.S. 438, 445 (1962)). A frivolous case is one without arguable merit. Sun v. Forrester, 939 F.2d 924, 925 (11th Cir. 1991). "In deciding whether an IFP appeal is frivolous, a district court determines whether there is a factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded." Id. (inner quotations and citations omitted); see also Bell v. HCR Manor Care Facility of Winter Park, No. 6:10-cv-523-Orl-22KRS, 2010 WL 4096849 *2 (M.D. Fla. Aug. 24, 2010).

In granting summary judgment, the Court found that AT&T demonstrated "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." See Doc. 59 at 11; FED. R. CIV. P. 56(a). Thus, the District Court has determined that there is no factual and legal basis for the claims pled by Plaintiff. In his papers, Plaintiff does not assert, and I do not find, any new facts or law that were not previously considered by the Court in arriving at its conclusion that Plaintiff's claim is without arguable merit. Accordingly, for the reasons stated in the Court's comprehensive summary judgment Order, I find that his appeal lacks any arguable merit and his motion should be denied.

### III. Recommendation

Now, I **RESPECTFULLY RECOMMEND** that the Court find that Plaintiff's appeal is not taken in good faith and **DENY** his motion to proceed in forma pauperis (Doc.69).

### IV. Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual

finding or legal conclusion the district judge adopts from the Report and

Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on April 21, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record
    Unrepresented Parties